[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10605
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-00735-BJD-PDB

LESTER MATHIS,

Plaintiff-Appellant,

versus

DAVID ADAMS,
HOWARD CAREY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Lester Mathis, an inmate of the Florida Department of Corrections, appeals the district court's order striking his objections to the magistrate judge's report and recommendation (R&R) and its grant of summary judgment to the defendants on his 42 U.S.C. § 1983 claim.  Mathis claimed the defendants, prison guards David Adams and Howard Carey, used excessive force against him during an altercation in the prison shower room.  On appeal, Mathis argues the district court abused its discretion by not excusing the untimeliness of his objections and that the district court erred in determining that uncontroverted video evidence so blatantly contradicted his account that the court was not required to adopt his version of the facts for the purposes of ruling on the defendants' motion for summary judgment.  Based on the latter argument, Mathis argues the district court erred in granting summary judgment to the defendants and in determining that they are entitled to qualified immunity.  Upon review, we affirm in part and vacate and remand in part.

## I.  DISCUSSION

*A.*     *Striking Mathis's Objections to the R&R*

Rule 72(b)(2) required Mathis to file and serve his written objections to the R&R no later than 14 days after the R&R was served on him.  However, Rule 6(b)(1)(B) authorized the court, on Mathis's motion, to extend the time for filing objections for good cause if Mathis had "failed to act because of excusable neglect."  "We review a district court's determination of excusable neglect for

2

abuse of discretion." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997).

The district court did not abuse its discretion in determining that Mathis had failed to show any justification for the untimeliness of his objections because Mathis failed to file a motion as required for an after-the-fact extension under Rule 6(b)(1)(B) and because, by Mathis's own account, his failure to turn his objections in on time resulted from his decision to wait for the objections to be typewritten, even though he knew handwritten objections were sufficient. The district court was therefore within its discretion to strike Mathis's objections as untimely. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (considering "whether [the delay] was within the reasonable control of the movant" in determining whether it resulted from excusable neglect); *see also Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004) ("The district court has a range of options; and so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision.").

B.      *Granting Summary Judgment to the Defendants*

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards that controlled the district court's decision." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001). Ordinarily, this entails viewing the facts in the light most favorable to the nonmoving party,

3

but "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (11th Cir. 2007). More specifically, when uncontroverted video evidence is available, the court should view the facts in the light depicted by the video recording. *Id.* at 380-81.

In the instant case, Mathis and the defendants told contradictory stories about what happened after the defendants took Mathis and another inmate into the shower area for their evening showers. According to Mathis, after the defendants put the other inmate in the far shower stall, the defendants improperly removed his handcuffs before securing his shower gate and then assaulted him in his stall by punching and kicking him, stabbing him with the shower keys, and spraying him with mace. Mathis claimed this assault lasted approximately thirty minutes before the defendants called for backup.

The defendants, meanwhile, claim that after they brought Mathis to his stall, he managed to slip his handcuff and punched Adams in the face, requiring Adams and Carey to use physical force, including using mace, to restrain him. The defendants further claimed that they had only entered the shower area for approximately one minute before the assault took place and Adams radioed for backup.

4

The video evidence showed that Adams and Carey brought Mathis to the shower area at approximately 5:50 p.m. and that approximately one minute after entering the shower Adams radioed for backup. The video evidence further established that a total of approximately five minutes elapsed from the time Adams and Carey first took Mathis into the shower area to the time Mathis was taken away to receive medical attention. The video evidence did not, however, depict what happened in the shower stall.

In light of the uncontroverted video evidence, the district court was required to view the facts in the light depicted by the video even if Mathis's allegations contradicted its depiction. *Id.* As a result, the district court could not credit Mathis's allegation that the defendants beat him for thirty minutes, as that allegation was "blatantly contradicted by the record, so that no reasonably jury could believe it." *Id.* at 380. However, the district court erred insofar as it credited the defendants' version of the facts over Mathis's on issues not depicted by video evidence. For example, the video evidence could not directly establish whether Mathis or Adams struck first. While the video evidence may have made it less likely that Adams struck first in that it may not have been very sensible to assault a prisoner and then immediately call for backup, it did not "so utterly discredit" that allegation "that no reasonable jury could have believed [it]." *Id.* And if Adams struck Mathis first prior to any provocation, such an assault could support a finding

5

that Adams applied force "maliciously and sadistically for the very purpose of causing harm" in connection with an excessive-force claim under § 1983. *See Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (internal quotation marks omitted); *see also Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.").

The district court also erred by interpreting our decision in *O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011), to mean that Mathis, in asserting his excessive-force claim, could not dispute the factual findings made in internal prison disciplinary hearings. In *O'Bryant*, we held that "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process *and* there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." *Id.* at 1215-16. We did not hold in *O'Bryant* that internal prison proceedings could usurp judicial fact finding outside the context of a retaliation claim. The district court erred insofar as it interpreted *O'Bryant* to limit its ability to review the factual allegations underlying Mathis's excessive-force claim under the traditional standard applicable to a motion for summary judgment.

6

For these reasons, at least one disputed issue of material fact existed, and the district court erred in granting summary judgment to the defendants.  Similarly, the district court erred in concluding the defendants were entitled to qualified immunity[1] because in making this determination it failed to resolve a disputed question of material fact—i.e., whether Adams or Mathis struck first—in Mathis's favor.  *See Bryant v. Jones*, 575 F.3d 1281, 1295 (11th Cir. 2009).

## II.  CONCLUSION

In light of the foregoing, we will affirm the district court's decision to strike Mathis's objections to the R&R as untimely, and we will vacate the district court's grant of summary judgment in the defendant's favor and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.

---

[1] We review a district court's decision to grant or deny qualified immunity de novo. *Bryant v. Jones*, 575 F.3d 1281, 1294 (11th Cir. 2009).

7